UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., <br><br> Plaintiff, <br><br> v. <br><br> TRIBIRI-TABARA, LLC, *et al.*, <br><br> Defendants. | Docket Nos.: <br> 18-cv-13867 & 18-cv-13918 <br><br> OPINION |

**WILLIAM J. MARTINI, U.S.D.J.:**

Plaintiff J & J Sports Productions, Inc. brings these actions against two New Jersey bars and their officers for violations of the Communications Act of 1934. Now before the Court are Plaintiff's motions for default judgment. For the reasons set forth below, the motions are **GRANTED**.

I.     BACKGROUND

Plaintiff J & J Sports Productions, Inc. ("Plaintiff") is a distributor of sports and entertainment programming. Plaintiff purchased the commercial exhibition rights to broadcast a boxing match between Saul Alvarez and Liam Smith on September 17, 2016 ("Fight"). Pursuant to its distribution contract, Plaintiff sub-licensed agreements with various commercial establishments to permit public exhibition of the program. To prevent unauthorized viewing, transmission of the Fight was encrypted and only made available to paying customers.

In its suit against Tibiri-Tabara, LLC *d/b/a/* Kucaramakara Lounge & Bar ("Kucaramakara") and Carlos Rangel (with Kucaramakara, "Tibiri Defendants"), Plaintiff alleges that the Tibiri Defendants unlawfully intercepted and exhibited the Fight at Kucaramakara. Tibiri Compl. ¶¶ 7, 23, ECF No. 1. According to Plaintiff's investigator, between thirty-four and thirty-five patrons were present at Kucarmakara while the Fight played on one of three televisions. Tibiri Gagliardi Aff. Ex. B at 1, ECF No. 8-1. Given Kucaramakara's estimated capacity of fifty, it should have paid Plaintiff $1,800 to broadcast the Fight. *Id.* ¶ 8.

In its suit against Pimms Bar and Restaurant, LLC *d/b/a/* Pimms Bar & Restaurant ("Pimms"), Judith C. Ramos *a/k/a/* Judite C. Ramos ("Judith"), and Joao J. Ramos ("Joao," with Judith and Pimms, "Pimms Defendants," and with Tibiri Defendants, "Defendants"), Plaintiff similarly alleges that the Pimms Defendants unlawfully intercepted and exhibited the Fight. Pimms Compl. ¶¶ 7, 23, ECF No. 1. Plaintiff's investigator counted between fifty-four and fifty-six patrons present while the fight played on one of four televisions at the bar. Pimms Gagliardi Aff. Ex. B at 1, ECF No. 11. Given the estimated capacity of seventy-five, Plaintiff would have sold the Pimms Defendants the rights to show the Fight for $1,800. *Id.* ¶ 8.

In the Tibiri Defendants' case, Plaintiff filed the Complaint on September 13, 2018, proof of service in October and November of 2018, and requested a clerk's entry of default in January

1

2019. Tibiri ECF Nos. 1, 4-5, 7. After the clerk entered default, Plaintiff filed the present motion for default judgment. Tibiri ECF No. 8. Similarly, in the Pimms case, Plaintiff filed their complaint, proofs of service, and request for default in late 2018. Pimms ECF Nos. 1, 4-5, 8. After entry of default, Plaintiff filed their motion for default judgment. Pimms ECF No. 10. None of the Defendants have answered or otherwise responded to Plaintiff's filings.

## II.     JURISDICTION

This Court has jurisdiction pursuant to 28 U.S.C. § 1331 (federal question) because Plaintiff brings this civil action pursuant to the Communications Act of 1934. The court exercises personal jurisdiction over all named Defendants because they were physically located in the state of New Jersey at the time they were served and are domiciled in the state of New Jersey. *See* FRCP 4.

## III.    DISCUSSION

### A.     Legal Standard

To enter a default judgment, the Court must determine whether a sufficient cause of action has been stated, taking as true the factual allegations of the complaint. *Super 8 Worldwide, Inc. v. Riya Hosp. Grp., Inc.*, 14-cv-04527, 2015 WL 3755039, at *1 (D.N.J. June 16, 2015). "Once a cause of action has been established, the district courts must make explicit factual findings as to three factors: (1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Id.* Further, plaintiffs must evidence their right to damages. *See Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990).

### B.     Plaintiff has Stated a Cause of Action

Plaintiff brings claims pursuant to 47 U.S.C. § 605 and 47 U.S.C. § 553.[1] When a plaintiff seeks relief under either statute, "its burden is to show that the defendant (1) intercepted a broadcast; (2) was not authorized to intercept the broadcast; and (3) showed the broadcast to others." *Joe Hand Promotions, Inc.*, 2013 WL 1007398, at *3 (cleaned up).

Taking the allegations in both suits' complaints as true, Plaintiff has stated a cause of action. As to the first element (Defendant intercepted a broadcast), Plaintiff alleges that on September 17, 2016, Defendants directed the employees of their respective establishments to unlawfully intercept, receive, and broadcast the Fight. Tibiri Compl. ¶ 13; Pimms Compl. ¶ 13. As to the second element, the Complaints makes clear that Defendants were not authorized to intercept and broadcast the Fight pursuant to Plaintiff's exclusive, nationwide commercial distribution rights. *See* Tibiri Compl. ¶¶ 20-24; Pimms Compl. ¶¶ 20-24.

---

[1] 47 U.S.C. §§ 605 and 553 apply to different conduct (i.e., satellite versus cable transmissions). However, Defendants' failure to appear has deprived Plaintiff of its ability to determine which statute applies. In such circumstances, Courts in this district award damages under either (but not both) sections' damages provisions. *See Joe Hand Promotions, Inc. v. Waldron*, 11-cv-849, 2013 WL 1007398, at *1 n.2 (D.N.J. Mar. 13, 2013).

Regarding the "showed to others" element, Plaintiff submits affidavits stating that between thirty-four and thirty-five individuals were present at Kucaramakara while the Fight played, while Pimms had between fifty-four and fifty-six patrons present. Tibiri Gagliardi Aff. Ex. B at 1; Pimms Gagliardi Aff. Ex. B at 1. Even if the Court were not permitted to consider the supporting affidavits at this juncture, the Complaint alleges facts from which the Court can reasonably infer Defendants showed the broadcast to others. *DIRECTV, Inc. v. Albright*, 03-cv-4603, 2003 WL 22956416, at *2 (E.D. Pa. Dec. 9, 2003) (citing *Yang v. Hardin*, 37 F.3d 282, 286 (7th Cir. 1994) (permitting reasonable inferences from factual allegations on default judgment review)). Here, Plaintiff alleges that broadcasting the Fight resulted in increased income for Defendants. Pimms Compl. ¶ 15; Tibiri Compl. ¶ 15. To result in increased income, others must have witnessed the Fight. Accordingly, Plaintiff has stated a cause of action.

### C. **Explicit Factual Findings**

The three explicit factual findings required to grant a default judgment also weigh in Plaintiff's favor. *See Super 8 Worldwide, Inc.*, 2015 WL 3755039, at *1 (listing required findings). First, there is no indication that Defendants have a meritorious defense. "A meritorious defense is one which, 'if established at trial, would completely bar plaintiff's recovery.'" *Eastern Elec. Corp. of NJ v. Shoemaker Const. Co.*, 657 F. Supp. 2d 545, 553 (E.D. Pa. 2009) (citation omitted). Here, Defendants failed to respond. Under those circumstances, district courts routinely find no meritorious defense, and nothing in the record convinces the Court to proceed otherwise here. *See e.g. id.* (finding no meritorious defense because defendant failed to assert any defense).

Second, Plaintiff would suffer prejudice absent a default judgment. If bars like Defendants' could show the Fight without authorization and remain impugn from judgment, Plaintiff's business would crumble. Other establishments would simply decline to pay, intercept the signal, and never appear in court.

Third, Defendants are culpable. When a defendant has failed to answer, move, or respond to a complaint, culpability is presumed. *Surdi v. The Prudential Ins. Co. of Am.*, 08-cv-225, 2008 WL 4280081, at *2 (D.N.J. Sept. 8, 2008). Further, accepting the allegations as true, Defendants Carlos Rangel and Judith and Joao Ramos specifically directed their employees to intercept and broadcast the fight. Pimms Compl. ¶ 15; Tibiri Compl. ¶ 15; *see also Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."). Accordingly, all Defendants are culpable and default judgment is appropriate.

### D. **Appropriate Damages**

The only remaining question is the appropriate damages to award.[2]

---

[2] Rule 55(b) (2)(B) specifies that a "court may conduct hearings when it needs to determine the amount of damages owed a party upon an entry of default judgment. The permissive language of the rule recognizes that such a proceeding will not be necessary in all circumstances, however, such as when damages are for a sum certain or for a sum which

Under Section 605, a private party "aggrieved" by the unauthorized reception of communications may be awarded statutory damages between $1,000 and 10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). Where violations are willful and motivated by commercial advantage or financial gain, enhanced damages of $100,000 are permissible. *Id.* § 605(e)(3)(C)(ii). Similarly, under Section 553, the Court may award statutory damages between $250 and $10,000 and in the case of willful violations, up to $50,000 in enhanced damages. 47 U.S.C. § 553(c)(3). Plaintiff requests "at least $5,400.00 in statutory damages and $20,000 in enhanced statutory damages." Pimms Mot. at 10; Tibiri Mot. at 10.

"Where, as here, Defendants have not responded to the Complaint, and proof of actual damages is impossible, statutory damages 'as the court considers just' are appropriate." *Castro*, 2015 WL 389381, at *3 (quoting 47 U.S.C. § 605(e)(3)(C)(i)(II)). Statutory damages should approximate actual damages. *Id.* (citations omitted). When enhanced damages are added, the total sum "should be high enough to deter future violations and yet be just.'" *Id.* (citations omitted). "A 'just' penalty is commensurate with the wrong, taking into consideration the totality of the circumstances surrounding the illegal conduct." *Id.*

Here, both sets of Defendants could have purchased rights to broadcast the Fight for $1,800. Pimms Mot. at 2; Tibiri Mot. at 2. However, the Court finds that amount insufficient to approximate Plaintiff's actual damages. Defendants' conduct injures Plaintiff beyond the actual licensing fee, as unlicensed public broadcasting severely undercuts Plaintiff's ability to market its *exclusive* rights. Put differently, bars will be less willing to pay licensing fees to attract pay-per-view watchers when unauthorized venues are also showing an event at no additional cost. Without being able to eliminate piraters, Plaintiff's product is worth less to its customers. Therefore, the Court considers a statutory damages award of **$3,600** "just." *See Castro*, 2015 WL 389381, at *3 (requiring "just" award approximating actual damages).

As to enhanced damages, the Court will award significantly more than actual damages to "deter future violations." *See id.* Without a real consequence for their conduct, Defendants (and others) will only be incentivized to intercept more broadcasts in the future, hoping they are not caught and risking only a minimal fine if they are. Therefore, given the willful nature of the violations here, their commercial motivation, and the need for a substantial penalty to deter future abuses, the Court will **AWARD $3,600** in enhanced statutory damages. This brings the total to **$7,200** owed to Plaintiff by the Pimms Defendants and **$7,200** owed by the Tibiri Defendants—double the non-enhanced statutory damages.

## IV. ATTORNEYS' FEES

Plaintiff requests thirty days to submit a request for costs and attorneys' fees. Under Local Rule 54.1 and 54.2, the request is permissible. Accordingly, Plaintiff **SHALL** submit a request for costs and attorneys fees within thirty days of the date of this Opinion.

---

can by computation be made certain. In this case, as Plaintiff seeks statutory damages, costs, and attorneys' fees, all of which can by computation be made certain, the Court finds that it can award damages without a hearing.

*J & J Sports Prods. v. Castro*, 14-cv-557, 2015 WL 389381, at *3 (D.N.J. Jan. 28, 2015) (cleaned up).

## V. CONCLUSION

For the reasons set forth above, Plaintiff's motions for default judgment, Pimms ECF No. 10; Tibiri ECF No. 8, are **GRANTED**. An appropriate order follows.

*/S/ William J. Martini*

**Date: July 2, 2019**  **WILLIAM J. MARTINI, U.S.D.J.**